# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RONALD FREEMAN )
       )     Case ID: 2011013643
    v. )
       )
STATE OF DELAWARE, )
       )
      Defendant. )

## ORDER

This 15TH day of July, 2026, upon consideration of Defendant's "Motion in Arrest of Judgment and Replead" and Motion for Appointment of Counsel, it appears to the Court that:

1.      On December 1, 2021, Defendant Ronald Freeman pled guilty to Drug Dealing in a Tier 2 Quantity (cocaine).[1] On April 13, 2022, the Court sentenced Mr. Freeman to fifteen years at Level V, suspended after seven years, for descending levels of supervision.[2] At the time of Mr. Freeman's sentencing, he apprised the Court of his significant and chronic medical conditions.[3] The Court considered those medical conditions against the backdrop of Mr. Freeman's repetitive criminal conduct when crafting Mr. Freeman's sentence.

---

[1] D.I. 12; see also Freeman v. State, 305 A.3d 352 (Del. 2023) (TABLE).

[2] D.I. 18; see also Freeman, 305 A.3d at 352.

[3] Interestingly, Mr. Freeman's apprisal to the Court of his medical conditions mirrored the documentation presented to the Court earlier in 2021 for sentencing on similar charges in another case.

1

2. Mr. Freeman filed a Motion for Sentence Modification on November 23, 2023, citing his medical conditions as the basis for sentence modification.[4] The Court denied Mr. Freeman's motion, prompting him to appeal to the Delaware Supreme Court. The Delaware Supreme Court affirmed this Court's denial.[5]

3. Mr. Freeman filed a Motion for Appointment of Counsel on December 31, 2025. In that motion, Mr. Freeman asked this Court to appoint him counsel to "prepare an updated Motion for Modification of Sentence."[6] Mr. Freeman acknowledged his previous request for sentence modification had been denied.[7] Mr. Freeman argued, however, that reconsideration of his request was warranted given the Department of Correction's change in medical care provider and the passage of time.[8] In support, Mr. Freeman attached an excerpt of his original Motion for Sentence Modification filed in November 2023.[9]

---

[4] D.I. 20.

[5] Freeman, 305 A.3d at 352.

[6] D.I. 39.

[7] Id.

[8] Id.

[9] Id.

2

4.    The Court denied Mr. Freeman's request for counsel on January 9, 2026.[10]    The Court noted Mr. Freeman's failure to cite any "extraordinary circumstances" justifying a reconsideration of his sentence.[11]    The Court reminded Mr. Freeman that his chronic medical conditions were considered (1) at his sentencing; (2) when the Court denied his first Motion for Modification of Sentence; and (3) when the Delaware Supreme Court affirmed that denial.[12]

5.    Mr. Freeman responded by filing the instant "Motion in Arrest of Judgment and Replead" on February 17, 2026.[13]    Mr. Freeman contends his second Motion for Modification of Sentence should be considered under 11 Del. C. § 4217(e)(5).[14]    11 Del. C. § 4217(e)(5) outlines that:

> If the court denies an application for sentence modification based on a person's serious medical illness or infirmity, the person may submit a subsequent application if at least 60 days have passed since the date of the court's denial[,] and if the application demonstrates a material change in the person's circumstances.

---

[10] D.I. 40.

[11] Id.

[12] Id.

[13] D.I. 41.

[14] Id.

6.    Mr. Freeman posits he has experienced four "substantive physical and mental health changes" since his original request for sentence modification:

> I.  Dialysis is extremely painful; repeated clotting at the only (last) functional site; II.  Lost part of middle finger (given antibiotic meds); III.  Department of Correction (DOC)'s medical vender [sic], Centurion[,] has been replaced by Vidal Core [sic]; [and] IV.  All of the Defendant's ailments has been exacerbated [sic].[15]

Contemporaneous to his "Motion in Arrest of Judgment and Replead," Mr. Freeman filed an identical version of his previously-denied Motion for Appointment of Counsel.[16]  Mr. Freeman also attached the same excerpt from his unsuccessful November 2023 motion.[17]

7.    The Court may consider repetitive motions for sentence modification based on a medical condition "if the application demonstrates a material change in the person's circumstances."[18]  Mr. Freeman agrees he previously requested sentence modification based on his medical condition.  Accordingly, to consider Mr.

---

[15] Id.

[16] D.I. 42.

[17] Id.

[18] 11 Del. C. § 4217(e)(5).

Freeman's latest motion, the Court must ascertain some "material change" in Mr. Freeman's circumstances.

8.    The four changes in Mr. Freeman's condition identified by Mr. Freeman do not rise to the level of a "material change." The first "change" identified by Mr. Freeman, "dialysis is extremely painful; repeated clotting at the only (last) functional site," appeared in his November 2023 motion.[19] At that time, Mr. Freeman noted an "anomalous situation" regarding the site of his dialysis.[20] As Mr. Freeman previously apprised the Court of that situation, it does not qualify as a "material change."

9.    Mr. Freeman's second contention outlines, "lost part of middle finger (given antibiotic meds)."[21] While Mr. Freeman's loss of part of his middle finger may be a change, the Court does not find such a change to be material. Mr. Freeman has not provided any further explanation of how the change occurred, beyond indicating he received antibiotics from medical staff. From that recitation, it appears to the Court that Mr. Freeman received appropriate medical care. Further, the Court

---

[19] See Def.'s Ex. A at 1-2.

[20] Id.

[21] D.I. 41 at 3.

cannot discern why losing part of a finger would form the basis for a sentence modification.

10. Mr. Freeman's third argument simply informs the Court that the Department of Correction has changed medical care providers. Dissatisfaction with a healthcare provider does not qualify as a "material change."[22] If dissatisfaction with medical care served as an appropriate springboard for sentence modification, every incarcerated individual likely would be affected.

11. Mr. Freeman's final assertion centers on alleged exacerbation of "all of [his] ailments."[23] Again, Mr. Freeman does not provide any further explanation of how his ailments have been exacerbated, or in what manner. This conclusory statement does not constitute a "material change."

12. This Court previously denied Mr. Freeman's request for sentence modification based on medical infirmity. Mr. Freeman's medical conditions were known to the Court at both the time of sentencing and at the time of the Court's denial of Mr. Freeman's first Motion for Modification of Sentence. Mr. Freeman

---

[22] See State v. Barber, 2026 WL 1346520, at *1 (Del. Super. May 13, 2026) ("Defendant's complaints about access to treatment are not sufficient to warrant a finding that the Department cannot care for the Defendant's chronic conditions. The conditions he describes are common among the adult population in America[,] and do not rise to the level of 'serious medical infirmity' contemplated by the compassionate release statute.").

[23] D.I. 41 at 3.

has not demonstrated a "material change" in his circumstances. Accordingly, Mr. Freeman's "Motion in Arrest of Judgment and Replead" and Motion for Appointment of Counsel are **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
oc:      Prothonotary
cc:      Department of Justice
         Mr. Ronald Freeman, JTVCC (SBI 00263146)
         JTVCC Classification